1

2

3                   UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6    ALICIA FORTALEZA,

7              Plaintiff,                    No. C 09-2004 PJH

8         v.                                 **ORDER GRANTING MOTION
                                             TO DISMISS AND VACATING**
9    PNC FINANCIAL SERVICES GROUP,           **HEARING DATE**
     INC., et al.,
10
              Defendants.
11   _____/

12         Before the court is a motion to dismiss and a motion to strike filed by defendants

13   PNC Financial Services Group., Inc. ("PNC") and National City Bank ("National City").

14   Plaintiff Alicia Fortaleza did not oppose the motion.  Nor did plaintiff file a statement of non-

15   opposition pursuant to Civil Local Rule 7-3.  Because the court finds that oral argument is

16   unnecessary and would not be helpful, the hearing date of July 29, 2009 is VACATED

17   pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, defendants' motion to

18   dismiss is GRANTED.

19                              **BACKGROUND**

20         This action arises out of the initiation of non-judicial foreclosure proceedings on real

21   property purchased by plaintiff.  Plaintiff is a resident of San Mateo County and the owner

22   of real property located at 2460 Ardee Lane, South San Francisco, CA 94080 (the

23   "property").  First Amended Complaint ("FAC") ¶ 2.  Plaintiff purchased her home in 2005.

24   Plaintiff financed the acquisition of the property with two loans issued by National City, the

25   first for $792,000 and the second for $147,000.  Id. ¶ 50.

26         After plaintiff fell in arrears on loan payments, a non-judicial foreclosure was initiated

27   when a Notice of Default and Election to Sell Under Deed of Trust was recorded on June

28   27, 2008.  See Request for Judicial Notice ISO Mot. Dismiss FAC ("RJN"), Exh. B.  On

United States District Court

For the Northern District of California

November 5, 2008, a Notice of Trustee's Sale was recorded, stating that plaintiff was in default under a Deed of Trust dated July 7, 2006 as Instrument No. 2006-101181 in the Official Records of the County Recorder of San Mateo County, and that the property would be subject to sale in a public auction on November 28, 2008.  <u>See</u> RJN, Exh. A.  The property was subsequently sold in January 2009.  <u>See</u> FAC, ¶ 52.

On March 18, 2009, plaintiff filed this action in San Mateo County Superior Court against PNC, National City, and various other defendants.  Plaintiff filed an amended complaint on March 24, 2009, alleging seventeen causes of action: (1) violations of California Business & Professions Code § 17200; (2) violation of Financial Code § 4973 et seq.; (3) violation of Civil Code § 2923.5; (4) fraud; (5) breach of implied covenant of good faith and fair dealing; (6) conversion; (7) quiet title; (8) fraud in the inducement; (9) unfair business practices; (10) breach of fiduciary duty; (11) defamation; (12) wrongful foreclosure; (13) civil conspiracy; (14) aiding and abetting; (15) unlawful joint venture; (16) injunctive relief; and (17) rescission of loan contracts.  <u>See generally</u> FAC.

On May 6, 2009, this action was removed on the basis of federal question jurisdiction.  On May 21, 2009, the PNC and National City defendants filed the instant motion to dismiss, seeking dismissal of all claims asserted by plaintiff.  Alternatively, defendants move for a more definite statement of the complaint.  Defendants have also filed a motion to strike portions of plaintiff's complaint.

**DISCUSSION**

A.    Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  <u>Id.</u>  The issue is not whether a plaintiff is likely to succeed on the

United States District Court

For the Northern District of California

1  merits but rather whether the claimant is entitled to proceed beyond the threshold in

2  attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.

3  1978). In evaluating a motion to dismiss, all allegations of material fact are taken as true

4  and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v.

5  Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

6  The court, however, is not required to accept as true allegations that are merely

7  conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v.

8  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth

9  of legal conclusions merely because they are cast in the form of factual allegations,

10  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can

11  prove facts different from those it has alleged. Associated Gen. Contractors of California,

12  Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

13         To survive a motion to dismiss for failure to state a claim, a complaint generally must

14  satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

15  Rule 8 requires only that the complaint include a "short and plain statement of the claim

16  showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are

17  unnecessary - the statement need only give the defendant "fair notice of the claim and the

18  grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell

19  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal

20  motion, a plaintiff must allege facts that are enough to raise her right to relief "above the

21  speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need

22  detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds'

23  of his 'entitlement to relief' [which] requires more than labels and conclusions, and a

24  formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In

25  short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

26  face," not just conceivable. Id. at 1974.

27         In addition, when resolving a motion to dismiss for failure to state a claim, the court

28

3

**United States District Court**

For the Northern District of California

1    may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles,

2    250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a

3    matter that is properly the subject of judicial notice, such as matters of public record.  Id. at

4    689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.

5    1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters

6    of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

7    judgment).

8    B.    Request for Judicial Notice

9         PNC and National City request that this court take judicial notice of the following

10   documents: (1) Notice of Trustee's Sale, recorded on November 5, 2008, in the Official

11   Records of San Mateo County, California as Instrument No. 2008-121458; and (2) Notice of

12   Default, recorded on June 30, 2008 as Instrument No. 2008-075436.

13        Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A

14   judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

15   generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

16   and ready determination by resort to sources whose accuracy cannot reasonably be

17   questioned."

18        As the two documents in question are matters of public record, the court GRANTS

19   defendants' request for judicial notice.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500,

20   504 (9th Cir. 1986) (A court may take judicial notice of matters of public record outside the

21   pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal.

22   1992) (taking judicial notice of documents in a county public record, including deeds of

23   trust).

24   C.    Motion to Dismiss

25        1.    Unfair Competition Law Claim

26        Plaintiff's first cause of action alleges that defendants collectively violated California

27   Business & Professions Code § 17200, otherwise known as the "unfair competition law"

28

4

United States District Court

For the Northern District of California

1   ("UCL"), by making "untrue or misleading statements, or by causing untrue or misleading

2   statement[s] to be made, with the intent to induce Plaintiff into entering into the [loans]

3   which are the subject of this Complaint." FAC, ¶ 57. Plaintiff alleges that the untrue and

4   misleading statements include: "statements that defendants were mortgage loan experts

5   that could be trusted to help Plaintiff close [her] short sale and avoid foreclosure;

6   "statements regarding the terms and payment obligations" of p]laintiff's loans; "statements

7   regarding the prepayment penalty" of the loans; statements "that the home value would

8   continue to rise and that Plaintiff could refinance quickly;" and statements that defendants

9   "did not make any payments of kickbacks, fees or other 'things of value.'" Id.

10       Under section 17200, unfair competition is defined as "any unlawful, unfair or

11  fraudulent business act or practice" and "unfair, deceptive, untrue or misleading

12  advertising." See Cal. Bus. & Prof. Code § 17200. An act is "unlawful" under section

13  17200 if it violates an underlying state or federal statute or common law. See Cel-Tech

14  Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). An act

15  is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy

16  or spirit of one of those laws because its effects are comparable to or the same as a

17  violation of the law." Id. at 187. A practice is "fraudulent" if members of the public are likely

18  to be deceived. See Committee on Children's Television, Inc. v. Gen'l Foods Corp., 35 Cal.

19  3d 197, 211 (1983). Additionally, "[a] plaintiff alleging unfair business practices under the

20  unfair competition statutes 'must state with reasonable particularity the facts supporting the

21  statutory elements of the violation.'" Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.

22  Supp. 1303, 1316 (N.D.Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal. App. 4th

23  612, 619 (1993)).

24       Plaintiff's claim under section 17200 is flawed. Preliminarily, the court finds that the

25  complaint must be dismissed because it fails to put either PNC or National City on notice of

26  the claim or claims being asserted against them. Indeed, plaintiff does not allege any

27  specific claim against any specific defendant. Rather, plaintiff generally alleges all claims

28

1   against "all defendants," without identifying which defendant is responsible for her alleged

2   injuries.  This is an impermissible attempt to sweep multiple defendants into the lawsuit

3   without making specific allegations as to any.

4         Substantively, moreover, plaintiff has failed to allege and identify any state, federal,

5   or local law or policy that serves as the predicate for recovery under § 17200.  See, e.g.,

6   Leonel v. American Airlines, Inc., 400 F.3d 702, 714-15 (9th Cir. 2005); People ex rel. Bill

7   Lockyer v. Fremont Life Ins. Co., 104 Cal. App. 4th 508 (2002).  Nor has plaintiff alleged

8   with "reasonable particularity" the facts surrounding any purportedly fraudulent statements

9   made by defendants – i.e., the who, what, where, and when of such statements.  In short,

10  the claim as pled does not satisfy the requisite pleading standards.

11        Accordingly, defendants' motion to dismiss plaintiff's first cause of action under the

12  UCL is GRANTED.

13        2.    Predatory Lending

14        Plaintiff's second cause of action alleges that defendants violated California

15  Financial Code § 4973 et seq., which "prohibits Defendant[s] from engaging in predatory

16  lending conduct."  Even construing the amended complaint liberally, plaintiff's cause of

17  action does not satisfy the minimal notice pleading requirements of Rule 8.  Plaintiff has

18  failed to identify either the specific statutory provision pursuant to which plaintiff brings suit,

19  or the specific conduct undertaken by either PNC or National City in alleged violation of an

20  applicable statutory provision.  Such pleading does not give PNC or National City fair notice

21  of the claim and the grounds upon which it rests.  Vague allegations and mere labels and

22  conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at

23  1964-65.

24        Accordingly, plaintiff's second cause of action is dismissed for failure to state a claim

25  upon which relief may be granted.

26        3.    Violation of California Civil Code § 2923.5

27        Plaintiff's third cause of action alleges that all defendants violated California Civil

28

Code § 2923.5, which requires that, in the event of a Notice of Default, a "mortgagee, beneficiary, or authorized agent" include with the Notice of Default a declaration that he/she has "contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent."  Cal. Civ. Code § 2923.5(b).

As a preliminary matter, plaintiff's cause of action fails because plaintiff does not allege any specific claim against any specific defendant.  Rather, plaintiff generally alleges her claim against "all defendants," without identifying which defendant is responsible for her alleged injuries.  As such, plaintiff fails to place either PNC or National City on notice of the claim or claims being asserted against her.  Even if the claim were properly alleged as to PNC or National City specifically, however, it would nonetheless fail.  As PNC and National City note, the Notice of Default in the case was recorded on June 30, 2008 – prior to the "effective date" of Civil Code § 2923.5.  And under the provisions of § 2923.5 itself, the above-referenced declaration is not required to be included with a Notice of Default that pre-dates the effective date of the statute.  Rather, a declaration stating either (1) that "the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure" or (2) listing "the efforts made, if any, to contact the borrower in the event no contact was made" is instead required to be included "as part of the notice of sale filed pursuant to Section 2924f."  Cal. Civil Code § 2923.5(c).  This was done here.  See RJN, Exh. A.  Accordingly, plaintiff's claim pursuant to Civil Code § 2923.5, even if properly alleged, has no merit.

Defendants' motion to dismiss plaintiff's third cause of action for failure to state a claim is granted.

4.    Fraud

Plaintiff's fourth cause of action alleges that defendants made fraudulent representations to plaintiff regarding certain statements surrounding the "origination" of the subject loans and the "value of the Subject Property" supporting the loans, the "terms and

7

United States District Court

For the Northern District of California

1  conditions of the loan and of the value of the property," and defendants' status "as loan
2  experts" and the status of their employees or third parties "as experts in the field."  See
3  FAC at 20:12-22.

4       "Fraud is an intentional tort, the elements of which are: (1) misrepresentation; (2)
5  knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance;
6  and (5) resulting damage."  Cicone v. URS Corp., 183 Cal.App.3d 194, 200 (1986).  "Rule
7  9(b)'s particularity requirement applies to state-law causes of action."  Vess v. Ciba-Geigy
8  Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).  To comply with Rule 9(b), the
9  circumstances constituting fraud shall be stated with particularity.  "A pleading is sufficient
10 under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can
11 prepare an adequate answer from the allegations.  Moore v. Kayport Package Express,
12 Inc., 885 F.2d 531, 540 (9th Cir.1989).  In this regard, it is sufficient to plead items such as
13 the time, place and nature of the alleged fraudulent activities.  Id.  In addition, "Rule 9(b)
14 does not allow a complaint to merely lump multiple defendants together but require[s]
15 plaintiffs to differentiate their allegations when suing more than one defendant . . . and
16 inform each defendant separately of the allegations surrounding his alleged participation in
17 the fraud."  Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007).  "In the context of a
18 fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of
19 [each] defendant[ ] in the alleged fraudulent scheme.' "  Id. at 765 (citing Moore, 885 F.2d
20 at 541).

21      The allegations in plaintiff's complaint are wholly inadequate to state a fraud claim.
22 The complaint does not identify any defendant with particularity, let alone allege facts
23 informing each defendant of the allegations surrounding their alleged participation in the
24 fraud, i.e., the circumstances surrounding each misrepresentation, such as the time, place
25 and nature of the allegedly fraudulent representations, and the identity of the persons
26 making them.

27      Accordingly, this claim is dismissed for failure to state a claim upon which relief may

28

8

United States District Court

For the Northern District of California

1  be granted.

2          5.      Breach of Implied Covenant of Good Faith and Fair Dealing

3          Plaintiff's fifth cause of action alleges that "plaintiff and Defendants had negotiated

4  [residential mortgage loans]," that during negotiations, defendants "negotiated for terms

5  such as a prepayment clause with the promise that the clause would be waived in the

6  future at the time of a refinance," and that by negotiating for these conditions, defendants

7  breached the implied covenant of good faith and fair dealing.

8          Every contract "imposes upon each party a duty of good faith and fair dealing in its

9  performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784,

10  798 (2008).  To establish a breach of an implied covenant of good faith and fair dealing, a

11  plaintiff must establish the existence of a contractual obligation, along with conduct that

12  frustrates the other party's rights to benefit from the contract.  See Racine & Laramie v.

13  Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031 (1992); see also Gus v. Bechtel Nat.

14  Inc., 24 Cal.4th 317, 349-350 (2000) (the covenant of good faith and fair dealing cannot be

15  endowed with an existence independent of its contractual underpinnings, and thus cannot

16  impose substantive duties or limits on the contracting parties beyond those incorporated in

17  the specific terms of their agreement); Smith v. City and County of San Francisco, 225

18  Cal.App.3d 38, 49 (1990) (Without a contractual relationship, [a plaintiff] cannot state a

19  cause of action for breach of the implied covenant.").

20          Plaintiffs' fifth cause of action does not satisfy the minimal notice pleading

21  requirements of Rule 8.  The amended complaint, apart from asserting a breach of the

22  implied covenant of good faith and fair dealing, does not allege facts establishing that either

23  PNC or National City breached a contractual obligation.  Even construing the amended

24  complaint liberally, plaintiff has not alleged a contractual obligation breached by either

25  defendant arising from any agreement plaintiff made with PNC or National City, nor has

26  plaintiff alleged conduct that frustrated her right to benefit from the contract.  Such pleading

27  does not give either defendant here fair notice of the claim and the grounds upon which it

28

United States District Court
For the Northern District of California

1  rests.  Vague allegations and mere labels and conclusions are insufficient to withstand a

2  motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.  Moreover, even if there were a

3  contractual relationship between the parties, plaintiff has not pled any facts establishing a

4  "special relationship" between them which could justify extending tort liability for bad faith to

5  the present context.  See Smith, 225 Cal.App.3d at 49.

6      Accordingly, plaintiff's fifth cause of action is dismissed for failure to state a claim

7  upon which relief may be granted.

8          6.      Conversion

9       Plaintiff's sixth cause of action alleges that defendants "set an unjustly high monthly

10  payment by artificially inflating the value of the property to fraudulently justify a larger

11  mortgage," and that by raising the monthly payment rate, "the Defendants extracted from

12  the Plaintiff a higher amount than the Plaintiff legitimately should have paid."  FAC at 22:7-

13  17.  Plaintiff also alleges that defendants improperly applied plaintiff's "payments in excess

14  of the amount owed" to "interest that was not legitimately owed by the Plaintiff," thereby

15  improperly converting plaintiff's funds for defendants' own use and benefit.  Id.

16      To state a claim for conversion, a plaintiff must plead facts showing that a defendant

17  wrongfully took or disposed of property belonging to the plaintiff.  See Franklin v. Municipal

18  Court, 26 Cal.App.3d 884, 901 (1972).  The elements of a conversion claim are 1) the

19  plaintiff's ownership or right to possession of the property at the time of the conversion; 2)

20  the defendant's conversion by a wrongful act or disposition of property rights; and 3)

21  damages.  Oakdale Village Group v. Fong, 43 Cal. App. 4th 539, 543-44 (1996).

22      Plaintiff's claim for conversion fails.  Preliminarily, it fails because plaintiff does not

23  allege any specific act against any specific defendant.  Rather, plaintiff generally alleges

24  her conversion claim against all "defendants," without identifying which defendant is

25  responsible for her alleged injuries.  As such, plaintiff fails to place either PNC or National

26  City on notice of the claim or claims being asserted against it.  Even if the claim were

27  properly alleged as to PNC or National City specifically, however, it would nonetheless fail.

28

10

United States District Court
For the Northern District of California

1   Because plaintiff does not allege, with sufficient specificity, either the actual property that is

2   the subject of plaintiff's conversion claim, or that plaintiff owned or was properly entitled to

3   possess such property at time of conversion.  Vague allegations and mere labels and

4   conclusions are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at

5   1964-65.

6         Accordingly, plaintiff's sixth cause of action is dismissed for failure to state a claim

7   upon which relief may be granted.

8         7.    Quiet Title

9         Plaintiff's seventh cause of action is labeled "Quiet Title," and is alleged against "all

10  defendants."  FAC at 23:4-6.  Plaintiff specifically alleges that she "was under unfair

11  persuasion amounting to undue influence" with respect to the subject loans in question, that

12  defendants "gained unfair persuasion and undue influence by improper means including but

13  not limited to misrepresentations, undue flattery, and fraud," and that due to defendants'

14  undue influence, they received "a deed of trust to the property for a loan that Plaintiff should

15  not have given or been allowed to take."  Id. at 23:12-21.

16        As a preliminary matter, plaintiff's cause of action fails because plaintiff does not

17  allege any specific claim against any specific defendant.  Rather, plaintiff generally alleges

18  her claim against "all defendants," without identifying which defendant is responsible for her

19  alleged injuries.  As such, plaintiff fails to place either PNC or National City on notice of the

20  claim or claims being asserted against it.  Moreover "[i]t has been held that in a complaint

21  to quiet title it is sufficient to allege that plaintiff is the owner of certain described property,

22  that the defendant claims an interest therein adverse to plaintiff, and that such claim is

23  without right."  See Compas v. Escondido Mutual Water Co., 86 Cal. App. 2d 407, 411

24  (1948); Williams v. San Francisco, 24 Cal. App .2d 630, 633)(1938).  Here, however,

25  plaintiff cannot allege that she is the current owner of the property, that either PNC or

26  National City currently claims an interest to the property, or that such claim of interest is

27  without right.  Accordingly, plaintiff fails to state a viable claim to quiet title against either of

28

United States District Court

For the Northern District of California

1    the moving defendants.

2         To the extent that plaintiff's claim to quiet title can be read as a claim alleging

3    fraudulent misrepresentations, that claim must also fail, for the reasons expressed in

4    connection with plaintiff's fourth cause of action.

5         In sum, plaintiff's seventh cause of action is dismissed for failure to state a claim

6    upon which relief may be granted.

7         8.    Fraud in the Inducement

8         Plaintiff's eighth cause of action alleges that defendants "made a series of fraudulent

9    promises," which include but are not limited to "statements about the increase of value of

10   the property, the ease that refinancing would occur, the monthly payments and interest

11   rate." FAC at 24:9-13. Plaintiff further alleges that she has reasonably relied on

12   defendants' promises, and that it has caused her damage "in an amount to be determined

13   at trial." Id. at 24:20-21.

14        As noted previously, under California law, the elements of common law fraud are

15   "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and

16   resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006). A

17   court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s

18   heightened pleading requirements. Vess, 317 F.3d at 1107. This means that plaintiff

19   "must state with particularity the circumstances constituting fraud . . ." Fed.R.Civ.P. 9(b). In

20   other words, plaintiff must include "the who, what, when, where, and how" of the fraud.

21   Vess, 317 F.3d at 1106 (citations omitted). "The plaintiff must set forth what is false or

22   misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541,

23   1548 (9th Cir. 1994). "A plaintiff's burden in asserting a fraud claim against a corporate

24   employer is even greater. In such a case, the plaintiff must allege the names of the

25   persons who made the allegedly fraudulent representations, their authority to speak, to

26   whom they spoke, what they said or wrote, and when it was said or written." Lazar v.

27   Superior Court, 12 Cal.4th 631, 645 (1996) (internal quotation marks omitted).

28

United States District Court

For the Northern District of California

1     As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump

2  multiple defendants together but require[s] plaintiffs to differentiate their allegations when

3  suing more than one defendant . . . and inform each defendant separately of the allegations

4  surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 765-66; see also

5  Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F.Supp.2d 1158, 1163 (C.D.

6  Cal.1998) (where an action involves multiple defendants, a plaintiff "must provide each and

7  every defendant with enough information to enable them 'to know what misrepresentations

8  are attributable to them and what fraudulent conduct they are charged with.'").

9     The purpose of Rule 9(b) is to ensure that defendants accused of the conduct

10  specified have adequate notice of what they are alleged to have done, so that they may

11  defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995).

12  "Without such specificity, defendants in these cases would be put to an unfair advantage,

13  since at the early stages of the proceedings they could do no more than generally deny any

14  wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

15     Plaintiff's fraud claim fails because it does not satisfy the heightened pleading

16  requirements of Rule 9(b). First, plaintiff improperly lumps all defendants together and fails

17  to allege any conduct against any one defendant in particular. Plaintiff did not allege, for

18  example, any misrepresentation or false statements made by PNC or National City.

19  Second, plaintiff did not allege the names of the persons from either defendant who made

20  the allegedly fraudulent representations and their authority to speak. Nor did plaintiff allege

21  with sufficient particularity or clarity, what is false or misleading about the statement, and

22  why it is false. As such, plaintiff's allegations are insufficient to satisfy the purpose of Rule

23  9(b), which is to ensure that defendants accused of the conduct specified have adequate

24  notice of what they are alleged to have done, so that they may defend against the

25  accusations.

26     Accordingly, plaintiff's eighth cause of action is dismissed for failure to state a claim

27  upon which relief may be granted.

28

United States District Court

For the Northern District of California

1

9.   Unfair Business Practices

2   Plaintiff's ninth cause of action purports to state a claim for "unfair business

3   practices" against all defendants.  Plaintiff alleges that "Defendants' fraudulent acts,

4   business model, and change of underwriting standards were designed to create an

5   environment of unfair business practices in which Defendants could wrongfully profit" and

6   were furthermore "designed to unfairly prejudice Plaintiff and profit from Plaintiff's loss."

7   Plaintiff's cause of action fails because plaintiff does not allege any specific claim

8   against any specific defendant.  Rather, plaintiff generally alleges its claim against "all

9   defendants," without identifying which defendant is responsible for his alleged injuries.  As

10   such, plaintiff fails to place either PNC or National City on notice of the claim or claims

11   being asserted against it.  Moreover, plaintiff's generic claim of "unfair business practices,"

12   without identifying any specific statutory provision pursuant to which such a claim is being

13   made, and without identifying the nature of any allegedly unfair practices with any degree of

14   specificity or factual support, cannot survive defendants' motion.  Vague allegations and

15   mere labels and conclusions are insufficient to withstand a motion to dismiss.  See

16   Twombly, 127 S.Ct. at 1964-65.  To the extent, furthermore, that plaintiff is really asserting

17   a claim under California's UCL, this claim fails for the reasons already articulated in the

18   foregoing discussion.

19   For these reasons, plaintiff's ninth cause of action is dismissed for failure to state a

20   claim upon which relief may be granted.

21

10.   Breach of Fiduciary Duty

22   Plaintiff's tenth cause of action alleges that defendants owed a fiduciary duty to

23   plaintiff, and that defendants breached this duty by: enticing plaintiff to accept risky

24   mortgage loans through fraudulent advertising; lowering underwriting standards in order to

25   maximize profits; pushing high risk ARMs that were against plaintiff's best interest;

26   receiving a secret profit in the transaction at issue; and inflating the property value in

27   question through a variety of means.  See FAC at 26:5-18.

28

14

**United States District Court**

For the Northern District of California

1    "The elements of a cause of action for breach of fiduciary duty are: 1) the existence

2    of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." <u>Pellegrini v.</u>

3    <u>Weiss</u>, 165 Cal.App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise

4    when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

5    accepts or assumes to accept the confidence, he or she may not act so as to take

6    advantage of the other's interest without that person's knowledge or consent." <u>Pierce v.</u>

7    <u>Lyman</u>, 1 Cal.App.4th 1093, 1101-02 (1991).  "The relationship between a lending

8    institution and its borrower-client is not fiduciary in nature." <u>Nymark v. Heart Fed. Savings</u>

9    <u>& Loan Assn.</u>, 231 Cal.App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a

10   financial institution owes no duty of care to a borrower when the institution's involvement in

11   the loan transaction does not exceed the scope of its conventional role as a mere lender of

12   money."); <u>see</u> <u>also</u> <u>Oaks Management Corp. v. Superior Court</u>, 145 Cal.App.4th 453, 466

13   (2006) (absent special circumstances, a loan transaction is at arms-length and there is no

14   fiduciary relationship between the borrower and lender).  A commercial lender is entitled to

15   pursue its own economic interests in a loan transaction.  <u>Nymark</u>, 231 Cal.App.3d at 1093

16   n. 1 (citing <u>Kruse v. Bank of America</u>, 202 Cal.App.3d 38, 67 (1988)).

17       According to plaintiff, all defendants are mortgage lenders.  <u>See</u> FAC, ¶ 18.  Thus,

18   with regard to both PNC and National City, any breach of fiduciary duty claim is subject to

19   dismissal because, as mortgage lenders, these defendants have no fiduciary duty to

20   plaintiff, absent special circumstances.  Plaintiff has not alleged any facts suggesting the

21   existence of special circumstances such that a fiduciary relationship between herself and

22   defendants was created, i.e., facts suggesting that either PNC's or National City's

23   involvement in the loan transaction exceeded the scope of either's conventional role as a

24   mere money lender.  Instead, plaintiff's amended complaint contains vague allegations and

25   mere labels and conclusions, which are insufficient to withstand a motion to dismiss.  <u>See</u>

26   <u>Twombly</u>, 127 S.Ct. at 1964-65.

27       Accordingly, plaintiff's tenth cause of action is dismissed for failure to state a claim

28

United States District Court

For the Northern District of California

1    upon which relief may be granted.

2        11.    Defamation

3        Plaintiff's eleventh cause of action alleges defamation against all defendants.

4    Specifically, plaintiff alleges that defendants "threatened to report to credit agencies and

5    other third parties that Plaintiff was in default" on the subject loans, that defendants

6    "knowingly made these statements with full knowledge" of their own wrongful and

7    fraudulent conduct, and that defendants "made false statements about the amount that the

8    Plaintiff owed and did not pay to third parties in an attempt to defame Plaintiff's reputation

9    and lower the credit score." FAC at 27:5-13.

10       The tort of defamation involves the intentional publication of a statement of fact that

11   is false, unprivileged, and has a natural tendency to injure or which causes special

12   damage. Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999). Publication means

13   communication to some third person who understands the defamatory meaning of the

14   statement and its application to the person to whom reference is made. Id.

15       Preliminarily, plaintiff's cause of action fails because, as noted several times

16   previously, plaintiff does not allege any specific claim against any specific defendant. As

17   such, plaintiff fails to place either PNC or National City on notice of the claim or claims

18   being asserted against it. Even if plaintiff had properly alleged her claim as to each

19   individual defendant, however, the claim would still fail, because it is premised on the

20   alleged falsity of statements surrounding plaintiff's default on the subject loans in question.

21   Critically, however, plaintiff does not allege, and has not contested, the truthfulness of the

22   fact of plaintiff's default on the subject loans, as illustrated by the Notice of Default attached

23   as Exhibit B to the RJN. Thus, plaintiff cannot demonstrate the requisite "falsity" of any

24   alleged statements made by defendants.

25       Accordingly, plaintiff's eleventh cause of action is dismissed for failure to state a

26   claim upon which relief may be granted.

27       12.    Wrongful Foreclosure

28

16

United States District Court

For the Northern District of California

1    Plaintiff's twelfth cause of action purports to allege a claim for "wrongful foreclosure"

2  against all defendants.  Plaintiff alleges that defendants "had no right to foreclose at the

3  time foreclosure proceedings were commenced," that the subject loans at issue were

4  obtained due to fraud and material misrepresentations, and that as a result of such fraud,

5  "there was no valid [residential mortgage loan] on the property and therefore, no possibility

6  of default to give rise to a foreclosure by Defendants."  FAC at 28:3-11.  Plaintiff

7  accordingly requests that the "foreclosure proceedings be stopped."  Id.

8    Preliminarily, plaintiff's cause of action fails because plaintiff does not allege any

9  specific claim against any specific defendant.  As such, plaintiff fails to place either PNC or

10 National City on notice of the claim or claims being asserted against it.  Even if plaintiff had

11 properly alleged her claim as to each individual defendant, however, the claim would still

12 fail, for plaintiff has failed to invoke any statutory or common law rule or authority pursuant

13 to which a claim for "wrongful foreclosure" may be asserted.  Thus, the claim itself does not

14 appear to be a viable cause of action.

15   Plaintiff's twelfth cause of action is therefore dismissed for failure to state a claim

16 upon which relief may be granted.

17     13.   Civil Conspiracy

18   Plaintiff's complaint also fails to state a claim for civil conspiracy.  Under California

19 law, civil conspiracy is not a separate and distinct cause of action.  Entm't Research Group,

20 Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997).  "Conspiracy is

21 not a cause of action, but a legal doctrine that imposes liability on persons who, although

22 not actually committing a tort themselves, share with the immediate tortfeasors a common

23 plan or design in its perpetration."  Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7

24 Cal.4th 503, 510-11 (1994).  Liability for civil conspiracy generally requires three elements:

25 (1) formation of the conspiracy (an agreement to commit wrongful acts); (2) operation of the

26 conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of

27 the conspiracy.  Id. at 511.

28

Here, the complaint does not sufficiently allege any agreement or common plan between PNC, National City, and any other entities or persons to perform a wrongful act, nor does it identify the wrongful act committed by the conspirators.  Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

14.    Aiding and Abetting

Plaintiff's fourteenth cause of action alleges that "Defendants, and each of them, knew of the conduct of the other," and that "Defendants knew that the Defendant that originated the loan in with [sic] deceptive and unlawful acts and practices as alleged herein."  FAC 29:22-30:5.  Plaintiff further alleges that defendants each ""gave substantial assistance and encouragement to each other in the performance of said deceptive and unlawful."  Id.  On the basis of these allegations, plaintiff seeks to impose aiding and abetting liability upon defendants.

Plaintiff's allegations as to this claim are nonsensical in parts.  Additionally, it is impossible to ascertain with any degree of particularity the precise conduct being alleged as to each defendant.  As such, plaintiff fails to place either PNC or National City on notice of the claim or claims being asserted against it.  Moreover, aider and abettor liability may only be imposed on one who aids and abets the commission of an intentional tort, if the person knows the other's conduct constitutes a breach of a duty, and gives substantial assistance or encouragement to the other to so act.  See In re First Alliance Mortg. Co., 471 F.3d 977, 992-93 (9th Cir. 2006).  Here, however, plaintiff's allegations are wholly conclusory, and fail to allege the specific grounds for commission of any intentional tort, let alone the actions on the part of one or more individual defendants which establish knowledge of any intentional tort or which qualify as "substantial assistance or encouragement."  Vague allegations and mere labels and conclusions, as plaintiff's fourteenth claim demonstrates here, are insufficient to withstand a motion to dismiss.  See Twombly, 127 S.Ct. at 1964-65.

Accordingly, this claim is dismissed for failure to state a claim upon which relief may

**United States District Court**
For the Northern District of California

1    be granted.

2        15.    <u>Unlawful Joint Venture</u>

3        Plaintiff's fifteenth cause of action alleges an "unlawful joint venture" as to all

4    defendants.  Plaintiff specifically alleges that all defendants "entered into an agreement to

5    originate, purchase, assign, sell and otherwise transfer the subject mortgage loan between

6    themselves and other for profit," and that all defendants knew of the agreement, contributed

7    their efforts to the agreement, and "exercised control over the execution of the agreement."

8    <u>See</u> FAC at 32:14-31:3.

9        Plaintiff's cause of action once again fails because plaintiff does not allege any

10   specific claim against any specific defendant.  As such, plaintiff fails to place either PNC or

11   National City on notice of the claim or claims being asserted against it.  Moreover, plaintiff's

12   conclusory allegations do no more than recite the basic elements required to establish a

13   joint venture.  They do not allege, or even attempt to allege, any wrongful conduct in

14   connection with any joint venture.  <u>See Orosco v. Sun-Diamond Corp.</u>, 51 Cal. App. 4th

15   1659, 1666 (1997).  Thus, there is no wrongful conduct that is actually pled under the claim.

16       Because plaintiff's claim fails to allege any actionable conduct as to any individual

17   defendant, the claim is dismissed for failure to state a claim as to either of the moving

18   defendants.

19       16.    <u>Injunctive Relief</u>

20       Plaintiff's sixteenth cause of action seeks a preliminary injunction, in order to prevent

21   a forced sale of the property in question.  FAC at 31:17-22.  A request for injunctive relief

22   by itself, however, does not state a cause of action and is properly brought before the court

23   as a separate motion.  <u>Shamsian v. Atl. Richfield Co.</u>, 107 Cal.App.4th 967, 984-85 (2003).

24   Moreover, even if the court were to construe this request as derivative of all other alleged

25   causes of action, plaintiff would still bear the burden of showing:  that she is likely to

26   succeed on the merits; that she is likely to suffer irreparable harm in the absence of

27   preliminary relief; that the balance of equities tips in her favor; and that an injunction is in

28

United States District Court

For the Northern District of California

1   the public interest.  See Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365,

2   374 (2008); see also Munaf v. Geren, 128 S.Ct. 2207, 2218-19 (2008).   In view of the

3   court's rulings herein, plaintiff cannot meet this burden.

4          In sum, because a request for injunctive relief by itself does not state a cause of

5   action, this claim is dismissed for failure to state a claim upon which relief may be granted.

6   To the extent that this claim is derivative of the other alleged causes of action alleged in the

7   complaint, plaintiff has not sustained her burden to demonstrate a likelihood of success on

8   the merits, and therefore is not entitled to injunctive relief based on his pleadings.

9          17.   Rescission of Loan Contracts[1]

10          Plaintiff's seventeenth cause of action seeks rescission of the "written agreements

11   whereby Plaintiff was fraudulently induced into unduly risky loans."  FAC at 32:19-20.

12   Plaintiff alleges that, in connection with the subject loans, defendants made "numerous

13   misrepresentations as detailed in this Complaint," that plaintiff reasonably relied on the

14   false representations, and that as a result, plaintiff "has been damaged to the extent of their

15   [sic] monthly payments and property taxes made in the performance under this invalid

16   contract."  Id. at 32:21-33:17.

17          Plaintiff's claim for rescission suffers from the same deficiency as do the vast

18   majority of plaintiff's claims: as a preliminary matter, it is impossible to ascertain with any

19   degree of particularity the precise conduct being alleged as to each defendant.  As such,

20   plaintiff fails to place either PNC or National City on notice of the claim or claims being

21   asserted against it.  Furthermore, however, plaintiff's claim for rescission invokes no

22   applicable statutory or common law authority pursuant to which rescission may be ordered

23   by the court, making the substantive merits of plaintiff's claim difficult to discern.

24          Nonetheless, construing the complaint liberally, the court notes that under California

25

26          [1]      Although defendants have not specifically included argument in their amended
    motion with respect to plaintiff's seventeenth cause of action, the court nonetheless notes that
27   defendants' notice of motion states unequivocally that defendants are seeking to dismiss
    plaintiff's complaint in its entirety as to defendants.  Thus, the court addresses herein the
28   merits of plaintiff's seventeenth cause of action.

Civil Code section 1689, a party to a contract may rescind the agreement if his consent to the contract was obtained through fraud.  The elements of fraud have already been stated. For all the reasons detailed in the court's prior discussion regarding the other fraud claims, plaintiff again fails to allege fraud with the requisite degree of particularity.

Thus, plaintiff has failed to adequately allege a substantive basis for a claim of rescission, and the claim must be dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is GRANTED. Plaintiff's first through seventeenth causes of action are dismissed as to PNC and National City.  Plaintiff is granted leave to amend all claims, if she can, except for the third and twelfth claims alleging violation of Civil Code § 2923.5 and wrongful foreclosure, which are dismissed with prejudice.  Because the court has dismissed plaintiff's complaint in its entirety with regard to PNC and National City, and has pointed out the deficiencies contained therein, the court will not order a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure nor grant the accompanying motion to strike, as requested by defendants.  Plaintiff shall file a second amended complaint in accordance with this order no later than August 17, 2009.  The second amended complaint must comply with Rule 8 and Rule 9(b).  If the further amended complaint is either filed untimely or lacks a cognizable claim, this action will be dismissed with prejudice as to PNC and National City.

**IT IS SO ORDERED.**

Dated: July 27, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge